IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, as Broadcast Licensee of the September 17, 2016 Saul Alvarez v. Liam Smith WBO World Super Welterweight Championship Fight Program,<br><br>      Plaintiff,<br><br>v.<br><br>1) INDIGO ENTERTAINMENT GROUP, LLC, individually, and d/b/a INDIGO CLUB, and d/b/a INDIGO;<br>2) MAGI INVESTMENT GROUP GP, LLC, individually, and d/b/a INDIGO CLUB, and d/b/a INDIGO;<br>3) GILBERTO FLORES, individually, and d/b/a PUBLIC HOUSE, and d/b/a INDIGO CLUB, and d/b/a INDIGO; and<br>4) MAYERLING REDONDO, individually, and d/b/a INDIGO CLUB, and d/b/a INDIGO,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:19-cv-00326 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") files *Plaintiff's Original Complaint*

against Defendants 1) Indigo Entertainment Group, LLC, individually, and d/b/a Indigo Club and

d/b/a Indigo ("Indigo Entertainment"); 2) MAGI Investment Group GP, LLC, individually, and

d/b/a Indigo Club and d/b/a Indigo ("MAGI Investment"); 3) Gilberto Flores, individually, and

d/b/a Indigo Club and d/b/a Indigo ("Flores"); and 4) Mayerling Redondo, individually, and

d/b/a Indigo Club and d/b/a Indigo ("Redondo") (collectively "Defendants").

### PARTIES

1.      Plaintiff.  J&J Sports Productions, Inc., as Broadcast Licensee of the September

17, 2016 Saul Alvarez v. Liam Smith WBO World Super Welterweight Championship Fight

Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue,

Suite 200, Campbell, California 95008.

2.      <u>Defendant Indigo Entertainment.</u> Indigo Entertainment Group, LLC is a Texas

limited liability company doing business as Indigo Club and also as Indigo and having its

business mailing address as 3111 26th Street, Hidalgo, Texas 78557. On the date of the Event (as

defined herein), Defendant Indigo Entertainment:

> A.      held the license/permit issued by the Texas Alcoholic Beverage
> Commission for the commercial establishment named Indigo and/or
> Indigo Club and located at 4037 West Expressway 83, Suites 100, 105,
> and 110, McAllen, Texas 78501 ("Establishment");
>
> B.      owned the property where the Establishment was located;
>
> C.      owned and/or operated the Establishment;
>
> D.      had a right and ability to supervise the activities of the Establishment; and
>
> E.      had an obvious and direct financial interest in the activities of the
> Establishment.

Defendant Indigo Entertainment may be served by delivering the *Summons* and a copy of

*Plaintiff's Original Complaint* to its registered agent for service of process, Laura Casarez, at

710 Trinity Street, Mission, Texas 78572; or at 3111 26th Street, Hidalgo, Texas 78557.

3.      <u>Defendant MAGI Investment.</u> MAGI Investment Group GP, LLC is a Texas

limited liability company possibly doing business as Indigo Club and also as Indigo and having

its business mailing address as 3111 26th Street, Hidalgo, Texas 78557. On the date of the Event

(as defined herein), Defendant MAGI Investment:

> A.      owned the property where the Establishment was located;
>
> B.      was an owner and/or manager of the Establishment;
>
> C.      was an officer and/or owner of the entity owning the Establishment;

    D.      owned and/or operated the Establishment;

    E.      had a right and ability to supervise the activities of the Establishment; and

    F.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant MAGI Investment may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Laura Casarez, at 710 Trinity Street, Mission, Texas 78572; or at 3111 26th Street, Hidalgo, Texas 78557.

    3.    <u>Defendant Flores.</u> Gilberto Flores is an individual residing in the State of Texas.

On the date of the Event (as defined herein), Defendant Flores:

    A.      held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B.      was an owner and/or manager of the Establishment;

    C.      was an officer and/or owner of the entity that owned the property where the Establishment was located;

    D.      was an officer and/or owner of the entity owning the Establishment;

    E.      had a right and ability to supervise the activities of the Establishment; and

    F.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Flores may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Flores at 3111 26th Street, Hidalgo, Texas 78557; or at 3111 26th Street, Pharr, Texas 78577.

    4.    <u>Defendant Redondo.</u> Mayerling Redondo is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Redondo:

    A.      held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

B.  was an officer and/or owner of the entity that owned the property where the Establishment was located;

C.  was an owner and/or manager of the Establishment;

D.  was an officer and/or owner of the entity owning the Establishment;

E.  had a right and ability to supervise the activities of the Establishment; and

F.  had an obvious and direct financial interest in the activities of the Establishment.

Defendant Redondo may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Redondo at 3111 26th Street, Hidalgo, Texas 78557; or at 3111 26th Street, Pharr, Texas 78577.

### STATEMENT OF JURISDICTION

5.  This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

### VENUE

6.  Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

### STATEMENT OF THE CLAIM

7.  Authorization to License Event.  Plaintiff is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the September 17, 2016 Saul Alvarez v. Liam Smith WBO World Super Welterweight Championship Fight Program, including all of the undercard or preliminary bouts (collectively the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

8.      The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

9.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

10.     Exhibition of the Event.  The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

11.     The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

12.     The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

13.     On September 17, 2016, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said

communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

14.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

15.     Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

16.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

17.     Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

### VIOLATION OF 47 U.S.C. § 553 OR § 605

18.     Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605, or Section 553.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants, jointly and severally, for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)     Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)     Pre and post-judgment interest at the highest rate permitted by law; and

(g)     Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____

David M. Diaz
State Bar No. 24012528
Southern District Bar No. 889588
david@diazlawtx.com
Attorney-in-charge

LAW OFFICES OF DAVID DIAZ, PLLC
825 Watters Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
(972) 996-4588 – Telephone

ATTORNEYS FOR PLAINTIFF